IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-02898-PAB-KAS

SEBO AMERICA, LLC,

     Plaintiff,

v.

MEGA MART WAREHOUSE LLC,

     Defendant.

_____

**ORDER**
_____

     This matter is before the Court on Plaintiff's Motion for Default Judgment [Docket No. 23].

**I.    BACKGROUND**

     **A.  Factual Allegations**[1]

     Plaintiff SEBO America, LLC ("SEBO") is a Colorado limited liability company with a principal place of business in Englewood, Colorado.  Docket No. 1 at 4, ¶ 12. Defendant Mega Mart Warehouse LLC ("Mega Mart") is a limited liability company with a principal place of business in Kansas City, Missouri.  *Id*., ¶ 13.  The Missouri Secretary of State's website lists Vincent Darnell Jones as Mega Mart's registered agent.  *Id*. at 11, ¶ 56.

---

[1] Because of the Clerk of Court's entry of default against defendant, *see* Docket No. 17, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted.  *See Olcott v. Del. Flood Co*., 327 F.3d 1115, 1125 (10th Cir. 2003).

Throughout the United States, SEBO markets "floor maintenance equipment," including vacuum cleaners, dust bags, filters, and related accessories. *Id*. at 7, ¶ 29. SEBO is the exclusive United States licensee or owner of the following registered trademarks: "SEBO," "SEBO (and design)," "FELIX," "DART," "AIRBELT," "WORKS FOR ME," and "AERAPURE" (collectively, the "SEBO Trademarks"). *Id*. at 2, 4, 7-8, ¶¶ 3, 12, 30-36. SEBO's floor maintenance equipment bears the SEBO Trademarks. *Id*. at 7, ¶ 29. SEBO distributes and markets goods bearing the SEBO Trademarks through a closed network of authorized dealers in the United States. *Id*. at 3, ¶ 4. Authorized dealers receive training and are required to maintain quality control over the goods. *Id*. at 10, ¶ 48. Goods sold by authorized dealers are also covered under SEBO's warranty. *Id*. at 10, 13, ¶¶ 49, 65. The SEBO warranty is a relevant factor in consumer purchasing decisions. *Id*. at 22, ¶ 138.

Mega Mart is not an authorized dealer of goods bearing the SEBO Trademarks. *Id*. at 3, 11, ¶¶ 4, 57. Mega Mart is not authorized to use the SEBO Trademarks or hold out to the public that Mega Mart is associated in any way with SEBO. *Id*. at 12, ¶ 58. Mega Mart maintains a seller account on Amazon with the username "Mega Mart Warehouse" and the seller identification number A1WB9YXIQ5Z549. *Id*. at 4, 11, ¶¶ 13, 54. On Amazon, Mega Mart advertises goods bearing the SEBO Trademarks (the "Infringing Goods"). *Id*. at 3, ¶ 5. Mega Mart advertises the Infringing Goods at prices below the minimum prices that authorized dealers can sell genuine goods for. *Id*. at 16, ¶ 90. Mega Mart "has sold goods bearing the SEBO Trademarks and shipped such goods to Colorado." *Id*. at 5, ¶ 16. When consumers search on Amazon for goods bearing the SEBO Trademarks, the Amazon platform displays Mega Mart's listings

simultaneously with the listings by authorized dealers.  *Id*. at 6, ¶ 26.  Consumers are unable to determine whether a particular vendor on Amazon is authorized to sell goods bearing the SEBO Trademarks.  *Id*. at 7, ¶ 27.

On Amazon, Mega Mart markets the Infringing Goods using the SEBO Trademarks and indicates that the condition of the goods is "new" and "genuine."  *Id*. at 13, ¶ 66.  Mega Mart also advertises the Infringing Goods as "warranteed."  *Id*. at 30, ¶ 195.  However, the Infringing Goods are not genuine and are not covered under SEBO's warranty.  *Id*. at 3, 13, 23, ¶¶ 8, 65, 68, 144.  Mega Mart's unauthorized use of the SEBO Trademarks has caused "confusion, mistake, and deception among the general consuming public" that Mega Mart's Infringing Goods "originate from, are associated with, approved by, or are otherwise authorized by Plaintiff."  *Id*. at 16, ¶ 93.

In September 2022, SEBO sent a cease-and-desist letter to Mega Mart's business address listed on Amazon's website.  *Id*. at 12, ¶ 62.  SEBO advised Mega Mart that its continued sale of goods bearing the SEBO Trademarks infringes upon SEBO's legal rights.  *Id*., ¶ 61.  Mega Mart knows that products bearing the SEBO Trademarks are sold in the United States through a closed network of dealers, and that Mega Mart is not an authorized dealer.  *Id*., ¶ 60.  Mega Mart has "willfully" used the SEBO Trademarks.  *Id*. at 16, ¶ 87.

The SEBO Trademarks have substantial value and goodwill.  *Id*. at 11, ¶ 53. However, consumers have posted negative reviews on Mega Mart's listings, which tarnishes the goodwill that SEBO has established in the marketplace.  *Id*. at 14, ¶ 75.

B.  Procedural History

SEBO filed this lawsuit on November 7, 2022.  Docket No. 1.  SEBO asserts eight claims against Mega Mart for (1) federal trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a)(1)(A); (3) false advertising under 15 U.S.C. § 1125(a)(1)(B); (4) unfair competition under 15 U.S.C. § 1125(a); (5) unfair competition under Colorado common law; (6) trademark infringement under Colorado common law; (7) violations of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et. seq*.; and (8) unjust enrichment under Colorado common law.  *Id*. at 15-32.

On November 8, 2022, SEBO served Mega Mart.  Docket No. 9.  Mega Mart has not made an appearance in this action.  On January 31, 2023, the Clerk of the Court entered default against Mega Mart.  Docket No. 17.  On April 5, 2023, SEBO filed the motion for default judgment.  Docket No. 23.

II.    LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."

*Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III.   ANALYSIS

### A.   Jurisdiction

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Mega Mart. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

#### 1.   Subject Matter Jurisdiction

The Court has subject matter jurisdiction over SEBO's federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a)-(b). The Court also finds that it has supplemental jurisdiction over SEBO's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims form part of the same case or controversy as the federal law claims, namely, Mega Mart's sale of goods bearing the SEBO Trademarks. Accordingly, the Court has subject matter jurisdiction over this action.

### 2. *Personal Jurisdiction*

Plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). Plaintiff can satisfy its burden by making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). A court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further. *Id.* The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where

7

those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

a) <u>Service of Process</u>

The Court first considers whether plaintiff properly served Mega Mart. The Federal Rules of Civil Procedure provide that a corporation, partnership, or unincorporated association can be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Courts have applied Rule 4(h) to limited liability companies. *See Warming Trends, LLC v. Flame DesignZ, LLC*, No. 22-cv-00252-PAB-STV, 2023 WL 196288, at *3 (D. Colo. Jan. 17, 2023) (collecting cases).

On November 8, 2022, a private process server served the summons on Vincent Darnell Jones. Docket No. 9. Vincent Darnell Jones is listed on the Missouri Secretary of State's website as Mega Mart's registered agent. Docket No. 1 at 11, ¶ 56. The

Court finds that service was proper under Fed. R. Civ. P. 4(h)(1)(B). *See Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 973 (D. Wyo. 2022) (holding that service of process was proper under Rule 4(h) where plaintiff served the defendant LLC's registered agent).

> b) <u>General Jurisdiction</u>

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state. *Id*. For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted); *see also Ford Motor Co.*, 141 S. Ct. at 1024. "Courts have held that *Daimler* applies with equal force to limited liability companies." *Bliss v. Change Healthcare Operations LLC*, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases). SEBO states that Mega Mart is a "Missouri limited liability company whose principal place of business is in Missouri." Docket No. 23 at 2. Accordingly, the Court finds that Mega Mart is not subject to general jurisdiction in Colorado.

> c) <u>Specific Jurisdiction</u>

Specific jurisdiction is present only if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal*., 582 U.S. 255, 262 (2017). That is, "[a] plaintiff's injury must 'arise out of or relate to' the defendant's forum contacts." *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1284 (10th Cir. 2020) (quoting

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)).  In other words, "there

must be 'an affiliation between the forum and the underlying controversy, principally,

[an] activity or an occurrence that takes place in the forum State and is therefore subject

to the State's regulation.'"  *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear Dunlop

Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)).

The specific jurisdiction analysis is two-fold.  First, a court must determine

whether a defendant has such minimum contacts with Colorado that the defendant

"should reasonably anticipate being haled into court" here.  *World-Wide Volkswagen

Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Within this inquiry, the court must

determine whether the defendant purposefully directed its activities at residents of the

forum, *Burger King*, 471 U.S. at 472, and whether plaintiff's claim arises out of or results

from "actions by . . . defendant . . . that create a substantial connection with the forum

State."  *Asahi Metal Indus. Co. v. Sup. Ct. of Cal*., 480 U.S. 102, 109 (1987) (internal

quotations omitted).  "The contacts must be the defendant's own choice and not

'random, isolated, or fortuitous.'"  *Ford Motor Co*., 141 S. Ct. at 1025 (quoting *Keeton v.

Hustler Magazine, Inc*., 465 U.S. 770, 774 (1984)).  "They must show that the defendant

deliberately 'reached out beyond' its home – by, for example, 'exploi[ting] a market' in

the forum State or entering a contractual relationship centered there."  *Id*. (citation

omitted).  Second, if a defendant's actions create sufficient minimum contacts, the court

must consider whether the exercise of personal jurisdiction over the defendant offends

"traditional notions of fair play and substantial justice."  *Asahi*, 480 U.S. at 105.  The

court considers several factors as part of this analysis, including: (1) the burden on the

defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's

interest in obtaining convenient and effective relief; (4) the interstate judicial system's
interest in obtaining the most efficient resolution of controversies; and (5) the shared
interest of the states in furthering fundamental substantive social policies. *Burger King*,
471 U.S. at 477.

SEBO argues that the Court has personal jurisdiction over Mega Mart because
Mega Mart "voluntarily made numerous sales to a Colorado resident, and in doing so
purposely directed their tortious activities toward Colorado." Docket No. 23 at 3 (citing
*Otter Prod., LLC v. Big Birds, LLC*, No. 19-cv-00626-DME-KLM, 2019 WL 13102793, at
*1-2 (D. Colo. Aug. 9, 2019) (citing *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 8-9
(1st Cir. 2018))). SEBO maintains that Mega Mart "is subject to personal jurisdiction in
this judicial district as Plaintiff is being damaged by Defendant's intentional and willful
tortious conduct within this judicial district." *Id*. With no citation to the record, SEBO
asserts that Mega Mart's actions have "been anything other than fortuitous." *Id*.

The well-pled allegations in the complaint and SEBO's evidence submitted with
the default judgment motion establish the following jurisdictional facts. Mega Mart "has
sold goods bearing the SEBO Trademarks and shipped such goods to Colorado."
Docket No. 1 at 5, ¶ 16.[2] On October 10, October 14, October 19, and October 26,
2022, plaintiff's counsel, Jeffrey Sturman, placed orders on defendant's Amazon store,
seller ID number A1WB9YXIQ5Z549, for goods bearing the SEBO Trademarks. Docket

---

[2] The complaint, however, does not allege the quantity of goods or the timeframe
in which Mega Mart sold the goods to consumers in Colorado.

No. 23-1 at 2, ¶ 6 (citing Docket No. 23-2 at 7-11).  Mr. Sturman placed the four orders "with shipping to Colorado" and the orders were delivered to Colorado.  *Id*., ¶¶ 8-9.[3]

The Tenth Circuit has not discussed whether an out-of-state defendant is subject to specific jurisdiction for selling products via an online website to consumers in a specific state.  Courts in this District have found that, in cases involving online sales, "minimum contacts can be established on the basis of the substantial or regular flow of sales from a non-resident company to residents of the forum state."  *SEBO Am., LLC v. Red Vacuums LLC*, No. 23-cv-0116-WJM-SBP, 2024 WL 964816, at *3-4 (D. Colo. Mar. 6, 2024) (collecting cases).  For example, in *Big Birds*, the court found that plaintiff sufficiently alleged that defendants had minimum contacts in Colorado based on allegations that (1) defendants "have made substantial and regular sales of infringing products bearing Plaintiffs' trademarks to Colorado," including "at least fifty such sales" occurring over a three month period; and (2) defendants "continue to regularly sell a high volume of other infringing products bearing Plaintiffs' trademarks into Colorado."  *Big Birds*, 2019 WL 13102793, at *1-2 (internal alterations omitted).  In another case,

_____

[3] SEBO attached a declaration to the default judgment motion from John van Leuven, the Chief Executive Officer of SEBO, stating that SEBO has made "at least eight purchases" of goods bearing the SEBO Trademarks from defendant, which were delivered to Colorado.  Docket No. 24 at 1, ¶¶ 4-6.  The declaration does not state when these purchases occurred.  "[C]ourts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction."  *XMission, L.C.*, 955 F.3d at 849 (quoting *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987)).  Therefore, "the proper focus in the specific jurisdiction analysis is on those contacts leading up to and surrounding the accrual of the cause of action.  Later events are not considered."  *Id*. (citation omitted) (declining to consider personal jurisdiction allegations that occurred after the complaint was filed).  As a result, the Court declines to consider the eight purchases identified in Mr. van Leuven's declaration because it is unclear whether the purchases occurred before or after SEBO filed its complaint in this action.

the court found that plaintiffs established specific personal jurisdiction over defendants based on allegations that defendants sold and shipped 341 infringing products to Colorado consumers via Amazon for over a year, in addition to shipping over 1,000 other products to Colorado during the same time period.  *Otter Prod., LLC v. Phone Rehab, LLC*, No. 19-cv-00206-RM-MEH, 2019 WL 4736462, at *4 (D. Colo. Sept. 27, 2019), *report and recommendation adopted*, 2019 WL 6888276 (D. Colo. Dec. 18, 2019).  By contrast, in *Red Vacuums*, the court found that SEBO failed to establish that defendant had sufficient minimum contacts in Colorado because SEBO's evidence only showed that defendant received seven online orders from consumers in Colorado, including six orders from plaintiff's counsel, and defendant only shipped one order to Colorado.  *Red Vacuums*, 2024 WL 964816, at *5.  The court found that "seven orders" was distinguishable from the "high volume" of sales in *Big Birds* and *Phone Rehab*.  *Id*. Moreover, some courts in this District have "disregarded transactions orchestrated by the plaintiff or counsel for the purpose of creating a contact in a state where no regular sales have [occurred]."  *Id*. at *3 (collecting cases).

The Court finds that SEBO has not provided sufficient jurisdictional allegations to establish that Mega Mart has minimum contacts in Colorado.  Although SEBO alleges in the complaint that Mega Mart has "sold [and shipped] goods bearing the SEBO Trademarks" to Colorado, *see* Docket No. 1 at 5, ¶ 16, SEBO does not allege that Mega Mart has made "substantial or regular" sales to consumers in Colorado.  *See Red Vacuums*, 2024 WL 964816, at *4; *see also Big Birds*, 2019 WL 13102793, at *1; *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 889 (2011) (J. Breyer, concurring) (finding a lack of personal jurisdiction because there was "no regular flow or regular

13

course of sales in New Jersey") (internal alterations and quotations omitted)).  In the absence of any allegations suggesting that Mega Mart has conducted regular sales in Colorado, it is questionable whether the Court can consider the four orders placed by SEBO's counsel on October 10 to October 26, 2022.  *See Red Vacuums*, 2024 WL 964816, at *3-4.[4]  However, even if the Court considered counsel's orders, the Court finds that four orders are insufficient to establish minimum contacts in Colorado.  *See id.* at *5 (finding that seven orders were insufficient to establish minimum contacts).[5]

SEBO may be able to plead facts demonstrating that the Court has specific personal jurisdiction over Mega Mart, but it has not done so at this stage.  Accordingly, the Court will deny the request for default judgment without prejudice for failure to plead sufficient facts showing personal jurisdiction.  *See United States v. Noell*, No. 22-cv-02538-PAB-SP, 2023 WL 4204669, at *5 (D. Colo. June 27, 2023) (denying default judgment motion without prejudice for failure to plead sufficient personal jurisdiction allegations).

---

[4] It is unclear whether plaintiff's counsel "orchestrated" these transactions for the purpose of creating minimum contacts in Colorado.  *See Red Vacuums*, 2024 WL 964816, at *3.  The Court notes that SEBO's counsel placed the orders from October 10 to October 26, 2022.  *See* Docket No. 23-1 at 2, ¶ 6.  SEBO filed this lawsuit less than a month later on November 7, 2022.  *See* Docket No. 1.

[5] Because SEBO has failed to establish that Mega Mart has sufficient minimum contacts with Colorado, the Court declines to evaluate whether SEBO's lawsuit could be said to "arise out of or relate to the defendant's contacts with the forum," *Ford Motor Co.*, 141 S. Ct. at 1026, or whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice."  *Asahi*, 480 U.S. at 105.

## IV.      CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 23] is

**DENIED without prejudice**.


DATED March 25, 2024.


BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge